E-FILED
Monday, 22 August, 2016  02:55:36 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTICT COURT

FOR THE

CENTRAL DISTRICT OF ILLINOIS

DAVID M. GILL, ET AL.,

    Plaintiffs,                       )

vs.                                )      No.  16-3221

                                   )

CHARLES W. SCHOLZ,          )

    Defendants.                 )

### AFFIDAVIT OF RICHARD WINGER

      RICHARD WINGER, after first being duly sworn on oath, deposes and says:

1.  I am over 18 years old, and a resident of the State of California. I make this affidavit based on my own Personal knowledge and research I have conducted, and if called as a witness in this case, would testify as follows:

2.  I graduated from the University of California at Berkeley in 1966 with a B.A. degree in political science.  Since 1985 I have been the publisher of *Ballot Access News*, a non-partisan newsletter that reports on developments in ballot access law, and developments in the law which affect political parties.

3.  I have researched the ballot access laws of all 50 states from the year 1888 to the present.  I have become well versed in how the ballot access laws of each state have worked historically and how those laws compare with the laws of

1

Exhibit A

Illinois.

4. As stated in my attached *curriculm vitae* I have testified in ballot access court cases in over half the states.

5. The 2% signature requirement to get on the ballot Illinois enacted in 1891 applied to independent and new or minor parties, what is commonly referred to as "third parties."

7. In 1927 Illinois enacted Senate Bill 585, enabling "third parties" to get on the ballot by party convention or caucus meeting.

8. In 1931 Illinois repealed the provision it had enacted in 1927 for "third paties" and hiked the signature requirement for "third party" and independent candidates to 5%. This was done primarily to keep Communist candidates off the ballot, as many Communist affiliated candidates had used the 1927 law to get on the ballot.

9. Illinois is the only state, which allow candidates, who file less than the required number of signatures to get on the ballot if no one files an objector's petition against them.

10. When I use the term "overcome a signature requirement" for Illinois I am referring to a candidate, who overcame an objector's petition and appeared on the ballot.

11. No candidate for the U.S. House in Illinois has ever overcome a general

election signature requirement of 10,754 or more, and since 1890 only three (3) have done so in the entire ~~county.~~ *country.*

12. Only one candidate in Illinois has ever overcome a general election signature requirement of 8,593 or more in Illinois, and that was H. Douglas Lassiter in the 15th Congressional District in 1974.

13. There have been more than 25,000 U.S. House races since 1890.

14. In only 0.048% of all the U.S. House races since 1890 has a candidate overcome a general election signature requirement of 8,593 or more; and in only 0.021% of all said races has a candidate overcome a general election ballot signature requirement of 10,754 or more.

15. Only three three other states besides Illinois require signatures of 10,000 or more for U.S. House candidates to get on the general election ballot: North Carolina, South Carolina and Georgia.

16. The median number of signatures required for U.S. House candidates petitioning to get on the the general election ballot in all 435 House Districts is 1,000 and the average is 3,179.

17. In 2016 8,593 signatures would have gotten an independent U.S. House candidate on the ballot in 88.5% of the House Districts.

18. A reasonably diligent candidate for the U.S House could not be Expected to be able to meet a signature requirement of 10,754 and gain a place on the ballot. I base this on that fact that since 1890 only 3 U.S. House candidates have done this.

19. The two third-party candidates Libertarian Party of Illinois v. Rednour, 108 F.3d, 768,775 (7th Cir. 1997) said *were* on the ballot in 1994 were U.S. House candidates Robert Hogan and Robert Wheat and both filed far fewer than the required number of signatures, but no objector's petitions were filed against them.

20. I have read the Plaintiff's Memorandum of Law and everything stated therein pertaining to me is true and correct.

FURTHER AFFIANT SAYETH NOT.

_Richard Winger_

Richard Winger

State of California )

) SS

County of San Francisco)

SUBSCRIBED AND SWON TO before me this _____ day of August, 2016.

_____

Notary Public

4

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**      GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Francisco

Subscribed and sworn to (or affirmed) before me
on this _18th_ day of _August_, 20_16_,
by       Date           Month          Year

(1)_ Richard Winger _

(and (2)_____),
                Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

JOSHUA PAUL BARNES
COMM. # 2029074
NOTARY PUBLIC · CALIFORNIA
SAN FRANCISCO COUNTY
MY COMM. EXP. JUNE 15, 2017

Signature _Joshua Paul Barnes_
              Signature of Notary Public

Seal
Place Notary Seal Above

━━━━━━━━━━━━━ **OPTIONAL** ━━━━━━━━━━━━━

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Affidavit of Richard Winger_ Document Date: _N/A_
Number of Pages: _4_ Signer(s) Other Than Named Above: _N/A_

©2014 National Notary Association · www.NationalNotary.org · 1-800-US NOTARY (1-800-876-6827) Item #5910

Richard Winger Curriculae Vitae
3201 Baker Street
San Francisco, California 94123
Updated March 23, 2016

EDUCATION

BA, Political Science, University of California, Berkeley, 1966
Graduate study, Political Science, UCLA, 1966-67

EMPLOYMENT

*Ballot Access News*, Editor 1985-Present
Editor of newsletter covering legal, legislative and political developments of interest to minor parties and independent candidates. Researcher of ballot access laws of all 50 states from years 1888-present; well versed in how ballot access laws of each state work historically and how they compare to each other. Responsible for reading all statutes, regulations, legal opinions, and state attorney general opinions on rights of political parties and the publications of minor parties.

On the Editorial Board of *Election Law Journal*, published by Mary Ann Liebert, Inc., Larchmont, N.Y., since 2001.

PUBLICATIONS

Wrote a chapter or two in each of these books:

*America Votes! A Guide to Modern Election Law and Voting Rights,* 2nd edition, 2012, published by the American Bar Association's Section of State and Local Government Law, editor Benjamin E. Griffith.

*Others, Vol. 2, Third Parties During The Populist Period,* by Darcy G. Richardson (2007: iUniverse, Inc., New York). Wrote the book's Appendix, "Early Ballot Access Laws for New and Minor Parties."

*Democracy's Moment*
edited by Ronald Hayduk and Kevin Mattson (2002: Rowman & Littlefield, Lanham, Md.)

*The Encyclopedia of Third Parties in America*
edited by Immanuel Ness and James Ciment (2000: M.E. Sharpe, Inc., Armonk, N.Y.)

*Multiparty Politics in America*
edited by Paul S. Herrnson (1997: Rowman & Littlefield, Lanham, Md.)

*The New Populist Reader*
edited by Karl Trautman (1997: Praeger, Westport, Ct.)

Additional articles published in these periodicals:
*University of Arkansas Little Rock Law Review*
*Wall Street Journal*
*American Review of Politics*

1

*The Long Term View*
*University of Mass. Law Review*
*California Journal*
*Election Law Journal* (two articles)
*Cleveland State Law Review*
*Chronicles Magazine*
*Price Costco Connection*
*Fordham Urban Law Journal*
*The Hill*
*Harvard Law Record*

Also, I have written "Election Law Decisions" in each issue of the newsletter of the American Political Science Association's Section on Representation and Electoral Systems, which appears twice a year, starting with the 2005 issues.

NATIONAL INTERVIEWS on Minor Parties, Independents, Ballots and Ballot Access
NBC                              *National Public Radio*
ABC                              *Pacifica Radio*
CNN                              *MSNBC*

CASES:  TESTIMONY or AFFIDAVITS (political party or candidate prevailing, or case pending)
   **Alaska**:  Libertarian Party v Coghill, state superior court, 3rd dist., 3AN-92-08181, 1992 Court issued injunction enjoining enforcement of petition deadline for minor parties
   **Arizona** (3 cases):  Campbell v Hull, 73 F Supp 2d 1081 (1999); Az. Libt. Party v Hull, superior ct., Maricopa Co. 96-13996, 1996.  Nader v Brewer, 531 F 3d 1028 (9th cir., 2008)
   **Arkansas** (3 cases):  Citizens to Establish a Reform Party v Priest, 970 F Supp 690 (E.D. Ark. 1996); Green Party of Ark. v Priest, 159 F.Supp.2d (E.D. Ark. 2001); Green Party of Ark. v Daniels, U.S. District Court, 448 F.Supp 2d 1056 (E.D.Ark. 2006).
   **California**:  California Democratic Party v Jones, 530 US 567 (2000); California Justice Committee v Bowen, 2012 WL 5057625 (C.D.Cal.).
   **Colorado**:  Ptak v Meyer, 94-N-2250, U.S. Dist. Ct., 1994.  Court ordered Secretary of State to place Libertarian legislative candidate on ballot.
   **Florida** (2 cases):  Libt. Party of Fla. v Mortham, 4:96cv258-RH, U.S. Dist. Ct., N.D., 1996.  Court ordered Secretary of State to place Libertarian vice-presidential candidate on ballot.  Reform Party v Black, 885 So.2d 303 (Fla. 2004).
   **Georgia** (2 cases):  Bergland v Harris, 767 F 2d 1551 (11th cir., 1985).  U.S. Court of Appeals.  Green Party of Georgia v Kemp, n.d., 2016 WL 1057022.
   remanded case back to U.S. District Court.  Before U.S. District Court acted, legislature substantially eased law, so case became moot.
   **Hawaii**:  Libt. Party of Hi. v Waihee, cv 86-439, U.S. Dist. Ct., 1986.  Court ordered Lieutenant Governor to extend petition deadline for new parties.
   **Illinois**:  (4 cases):  Nader v Ill. State Bd. of Elections, 00-cv-4401, U.S. Dist. Ct., N.D., 2000.  Court ordered State Board of Elections to place candidate on ballot.  Lee v Ill. State Bd. of Elections, 463 F.3d 763 (7th cir. 2006).  Jones v McGuffage, 921 F Supp 2d 888 (N.D.. Il, 2013).  Libertarian Party of Illinois v Illinois State Board of Elections, n.d., 1:12cv-2511.  Court struck down law requiring new parties to nominate a full slate of candidates.
   **Iowa**:  Oviatt v Baxter, 4:92-   10513, U.S. Dist. Ct., 1992.   Court ordered

Secretary of State    to put Grassroots Party candidate for Congress on ballot.

**Kansas**: Merritt v Graves, 87-4264-R, U.S. Dist. Ct., 1988. State did not defend three election laws and signed consent decree on independent petition deadline, requirement that independent petitions not be circulated outside of circulator's home precinct, and requirement   that voters could only register in qualified parties. This case should not be confused with another by the same name decided in December, 1988.

**Kentucky**: Libt. Pty. of Ky. v Ehrler, 776 F Supp 1200 (E.D. 1991)

**Maryland** (2 cases): Dixon v Md. State Adm. Bd. of Elec. Laws, 878 F 2d 776 (1989, 4th cir.); Green Party v Bd. of Elections, 832 A 2d 214 (Md. 2003).

**Montana**: Kelly v Johnson, U.S. Dist. Ct. 08-25 (2012).

**Nevada** (2 cases): Libt Pty. of Nev. v Swackhamer, 638 F Supp 565 (1986); Fulani v Lau, cv-N-92-535, U.S. Dist. Ct., 1992. Court ordered Secretary of State to put various minor parties on ballot.

**New Jersey** (2 cases): Council of Alternative Political Parties v Hooks, 999 F Supp 607 (1998); Council of Alternative Political Parties v State Div. of Elections, 781 A 2d 1041 (N.J.Super. A.D. 2001).

**New York** (3 cases): Molinari v Powers, 82 F Supp 57 (E.D.N.Y. 2000); Schulz w Williams, 44 F 3d 48 (2nd cir., 1994); Green Party of N.Y. v N.Y. State Bd. of Elections, 389 F.3d 411 (2nd cir., 2004).

**North Carolina**: Obie v N.C. Bd. of Elections, 762 F Supp 119 (E.D. 1991); DeLaney v Bartlett, 370 F.Supp.2d 373 (M.D. 2004).

**Ohio**: Libertarian Party of Ohio v Blackwell, 462 F.3d 579 (6th cir. 2006); Libertarian Party of Ohio v Husted, U.S. Dist. Ct., middle district, 2:13cv-935 (2014).

**Oklahoma**: Atherton v Ward, 22 F Supp 2d 1265 (W.D. Ok. 1998).

**Pennsylvania**: Patriot Party of Pa. v Mitchell, 826 F Supp 926 (E.D. 1993).

**South Dakota**: Nader v Hazeltine, 110 F Supp 2d 1201 (2000).

**Tennessee**: Libt Party v Thompson, U.S. Dist. Ct., 793 F Supp 1064 (M.D. 2010); Green Party of Tennessee v Hargett, 882 F Supp 2d 959 (M.D..Tn. 2012).

**Texas**: Pilcher v Rains, 853 F 2d 334 (5th cir., 1988).

**Virginia**: Libt. Pty of Va. v Quinn, 3:01-cv-468, U.S. Dist. Ct., E.D. (2001). Court ordered State Board of Elections to print "Libertarian" party label on ballot next to name of Libertarian candidates.

**Washington**: Washington State Democratic Central Committee v Washington State Grange, pending in U.S. Supreme Court, 11-1263.

**West Virginia** (3 cases): State ex rel Browne v Hechler, 476 SE 2d 559 (Supreme Court 1996); Nader v Hechler, 112 F.Supp.2d 575 (S.D.W.V., 2000); McClure v Manchin, 301 F Supp 2d 564 (2003).


CASES: TESTIMONY or AFFIDAVITS (political party or candidate not prevailing)

**Alabama**: Swanson v Bennett, 490 F.3d 894 (11th cit. 2007).

**Arizona**: (2 cases) Indp. Amer. Party v Hull, civ 96-1240, U.S. Dist. Ct., 1996; Browne  v Bayless, 46 P 3d 416 (2002).

**Arkansas** (2 cases): Langguth v McKuen, LR-C-92-466, U.S. Dist. Ct., E.D., 1992; Christian Populist Party v Sec. of State, 650 F Supp 1205 (E.D. 1987).

**California**: Socialist Workers Party v Eu, 591 F 2d 1252 (9th cir., 1978).

**Florida** (2 cases): Fulani v Smith, 92-4629, Leon Co. Circuit Court, 1992; Libertarian Party of Fla. v State of Fla., 710 F   32d 790 (11th cir., 1983).

**Georgia** (2 cases):  Libertarian Party of Ga. v Cleland, 1:94-cv-1503-CC, U.S. Dist. Ct., N.D. (1994); Esco v Secretary of State, E-53493, Fulton Co. Superior Court, 1998.
**Idaho**:  Nader v Cenarrusa, cv 00-503, U.S. Dist. Ct., 2000.
**Illinois**:  Libt Party v Rednour, 108 F 3d 768 (7th cir., 1997).
**Kansas**:  Hagelin for President Committee v Graves, 804 F Supp 1377 (1992).
**Maine** (2 cases):  Maine Green Party v Diamond, 95-318, U.S. Dist. Ct., 1995; Maine Green Party v Secretary of State, 96-cv-261, U.S. Dist. Ct., 1996.
**Maryland** (2 cases):  Ahmad v Raynor, R-88-869, U.S. Dist. Ct., 1988; Creager v State Adm. Bd. of Election Laws, AW-96-2612, U.S. Dist. Ct., 1996.
**Missouri**:  Manifold v Blunt, 863 F 2d 1368 (8th cir. 1988).
**New Hampshire**:  Werme v Gov. of N.H., 84 F 3d 479 (1st cir., 1996).
**North Carolina**:  Nader v Bartlett, 00-2040, 4th cir., 2000.
**Ohio**:  Schrader v Blackwell, 241 F 2d 783 (6th cir., 2001).
**Oklahoma** (3 cases):  Rainbow Coalition v Okla. State Elec. Bd., 844 F 2d 740 (1988); Nader v Ward, 00-1340, U.S. Dist. Ct., 1996; Clingman v Beaver, __US__(May 2005).
**Oregon**:  Libt Party v Roberts, 737 P 2d 137 (Ore. Ct. of Appeals, 1987).
**Texas** (2 cases):  Texas Indp. Party v Kirk, 84 F 3d 178 (5th cir., 1996); Nat. Comm. of U.S. Taxpayers Party v Garza, 924 F Supp 71 (W.D. 1996).
**Virginia**:  Wood v Meadows, 207 F 3d 708 (4th cir., 2000).
**West Virginia**:  Fishbeck v Hechler, 85 F 3d 162 (4th cir., 1996).
**Wyoming**:  Spiegel v State of Wyoming, 96-cv-1028, U.S. Dist. Ct., 1996.

QUALIFIED EXPERT WITNESS
    **Fishbeck v Hechler**, 85 F 3d 162 (4th cir. 1996, West Virginia case)
    **Council of Alternative Political Parties v Hooks**, 999 F Supp 607 (1998, N.J.)
    **Citizens to Establish Reform Party v Priest**, 970 F Supp 690 (E.D. Ark, 1996)
    **Atherton v Ward**, 22 F Supp 2d 1265 (W.D.Ok. 1998)
    **Calif. Democratic Party v Jones**, 530 US 567 (2000)
    **Swanson v Bennett**, not reported, U.S. Dist. Ct., m.d.Ala. (02-T-644-N)
    **Beaver v Clingman**, 363 F 3d 1048 (10th cir., 2004, Okla. case)
    **Green Pty v N.Y. Bd. Elec.**, 267 F Supp 2d 342 (EDNY 2003), 389 F.3d 411 (2nd 2004)
    **Lawrence v Blackwell**, 430 F.3d 368 (6th cir. 2005)

In all cases in which I was presented as an expert, the opposition accepted that designation, except in the Green Party of New York case.  The U.S. District Court ruled that I qualify as an expert.  See headnote #1 at page 342, and footnote nine on page 350.  The 2nd circuit agreed, 389 F.3d 411 (2004), at 421.

SPEAKING ENGAGEMENTS:  Colleges and Scholarly Meetings
    Panel of New York City Bar Association, 1994.  Ballot access.
    Amer. Political Science Assn., nat. conventions of August 1995 and August 1996.  Papers.
    Capital University School, law school class, Columbus, Ohio, 1996.  Guest lecturer.
    Cal. State U., course in political science, Hayward, 1993 and 1996.  Guest lecturer.
    San Francisco City College, course in political science, 1996 and 1997.  Guest     lecturer.
    Providence College, R.I., Oct. 1997, seminar on ballot access.
    Harvard U., JFK School of Gov't, Oct. 18, 1995, guest lecturer, ballot access.
    Voting Integrity Project national conference, Apr. 1, 2000, speaker on ballot access.

Center for Voting & Democracy nat. conference, Nov. 30, 2003, speaker on ballot access. Robert Dole Institute of Politics, U. of Kansas, one of 5 panel members, Oct. 25, 2007.